## CITIZENS SAV BANK CO v SCHUTT et al

Ohio Appeals, 6th Dist, Wood Co
No 494. Decided Mar 16, 1931

George A. Cheney, Bowling Green; for Bank.

L. S. Middleton, E. M. Fries, Earl K. Solether, William Dunipace and J. E. Shatzel, all of Bowling Green; Benjamin F. James, A. B. Huston, K. A. Stockstill, all of Toledo; E. R. Voorhees, Woodville, for Schutt et al.

RICHARDS, J.

Under these facts it is contended by the plaintiff that when the legatees acquired the legal title to the land by inheritance from John G. Freyer, the legacies which were provided for them in the will of Francis H. Freyer became merged and extinguished and can not, therefore, now be asesrted. Under the circumstances usually existing, there would be much force in this contention, for ordinarily such merger would result. But in the case at bar the legacies to the various legatees were of unequal amounts, it being stipulated by counsel that the amount of the legacy due to Martin Brinker is $645.00, to Clara L. Huerman $106.50 and to each of seven other descendants the sum of $26.88. The substantial inequality in size of these legacies prevents applying the doctrine of merger. Merger, in a case of this character, is a creature of equity and can only be applied in accordance with equitable principles. To illustrate: if "A" be given, by the will of his father, a legacy of $1,000.00 charged upon real estate of the value of $10,000.00, and he afterwards inherits the real estate from his brother and takes possession of the same, the lien of the legacy would be merged in his greater title to the real estate and the legacy extinguished. If, however, another brother, "B," should be given, in the will, a legacy of $2,000.00, which was made a charge on the same real estate, and thereafter the two brothers, "A" and "B", inherited the real estate from the brother to whom it had been devised, the legacies charged thereon would not be merged nor extinguished, because it would be inequitable and unjust to the son who received the larger legacy, for the reason that if the legacies became merged or extinguishd when they inherited the land, each would own an undivided one-half of the land, and nothing more. It would therefore result, if the legacies were held to be merged and extinguished, that the brothers "B", to whom was given the $2,000.00 legacy, would be involuntarily relinquishing $500.00 to his brother "A".

This court, therefore, holds that the mere fact that the legatees accepted the inheritance of the real estate from John C. Freyer did not merge the liens nor extinguish the legacies but that they must be kept alive to be adjusted on equitable principles.

It is claimed, however, by the plaintiff, that when they united in a warranty deed

594

to the defendants Marie S. Fahle and August Fahle, and by the further fact that said grantees conveyed the premises by warranty deed to the defendants Elmer Schutt and Lydia M. Schutt, the legacies thereby became extinguished. This contention ignores the very important exception in the warranty clause of each deed reading as follows:

"Except the provisions in Item 1 of the last will and testament of Francis H. Freyer, which these grantees assume and agree to perform as set forth therein. The said grantees also assume and agree to pay the last two payments of item 3 of said will according to its terms. Said grantors guarantee that all the other provisions of said will have been performed, which pertain to the land herein described."

The language of this exception clearly shows a manifest intention to keep the legacies alive and thus to accomplish equitable adjustment of the rights of the several legatees and this intention and the exception contained in the deed will be protected and enforced by the court. It follows, therefore, that the amounts remaining due on the various legacies are liens upon the real estate.

It is urged by counsel for the plaintiff that when various legatees died, the right to recover the legacies provided for then passed, not to their next of kin, but to their administrators, and can not be enforced in this action by the next of kin of the deceased legatees. The next of kin of the deceased legatees are not asking a personal judgment for the amounts of the various legacies, but only that the same be declared to be the first and best lien on the lands upon which they were charged by the will. As the undisputed facts show that these legacies are liens upon the land, the court may so declare. If necessary to protect the other parties from posisble inheritance tax or other claim, the legatees may give an indemnity bond for their protection on receiving the legacies.

The general rule in an action at law as to the devolution of the personal estate of a decedent is set forth in **McBride, Admr. v Vance, 73 Oh St,** 258, also reported and annotated in 112 American State Reps., 723 and 4 American & English Annotated Cases, 191. See, however, **Catlin, et al., v Huestis, Exr., 11 CC.,** 120.

Judgment and decree for heirs of Freyer.

WILLIAMS, J, concurs.

LLOYD, J, not participating.